UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81336-CIV-MARRA/MATTHEWMAN

CLAUDIA ELIZABETH HERRERA,
AND JESUS FRIAS AS
CO-PERSONAL REPRESENTATIVES
OF THE ESTATE OF JESUS SEBASTIAN
FRIAS,

Plaintiffs,

vs.

REPUBLIC SERVICES OF FLORIDA
LIMITED PARTNERSHIP,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiffs' Motion to Remand (DE 7) and Plaintiffs' Motion to Strike (DE 18).  The Court has carefully considered the Motions and is otherwise fully advised in the premises.

I. MOTION TO REMAND

A. Background

On October 30, 2014, Defendant Republic Services of Florida Limited Partnership ("Defendant") filed a Notice of Removal (DE 1) of Plaintiffs Claudia Elizabeth Herrera and Jesus Frias as Co-personal Representatives of the Estate of Jesus Sebastian Frias' ("Plaintiffs") Third Amended Complaint ("TAC") (DE 1-1).  According to the TAC, the decedent Jesus Sebastian Frias was riding his bicycle on August 13, 2014 when a motor vehicle owned by Defendant, and negligently maintained by Defendant, collided with decedent, causing his death.

(TAC ¶¶ 7-9.) Defendant is a foreign limited partnership organized under the laws of Delaware and does business in Florida. (TAC ¶ 5.)  The Notice of Removal states that Defendant is a Delaware limited partnership with its principal place of business in Arizona. (Notice of Removal ¶ 10.)

Plaintiffs seek to remand this case back to state court, claiming there is no diversity jurisdiction on the basis that Defendant has not proven that its principal place of business is Arizona and that Defendant's website lists multiple operations in Florida.  Plaintiffs also contend that there is no diversity of citizenship on the basis that the vehicle involved in the accident was originally delivered and registered in Florida.  Lastly, Plaintiffs claim that the Notice of Removal was not timely filed.

In response, Defendant has submitted affidavits from Eileen B. Schuler, an officer of Defendant.  (Schuler Aff.. DE 15-1, 15-2.)   According to the affidavits, Defendant is a limited partnership formed under the laws of Delaware. (Schuler Aff. ¶ 5, DE 15-1.)  It is owned by two partners, Republic Services of Florida GP, Inc. and Republic Services of Florida LP, Inc. (Id. at ¶ 6.)  Republic Services of Florida GP, Inc. is a Delaware corporation with its sole office in Arizona. (Id. at ¶¶ 7-8.)  All the business of Republic Services of Florida GP, Inc. is conducted in Arizona. (Id. at ¶ 9.)  Republic Services of Florida GP, Inc. previously maintained an office in Florida, but has not done so since 2009 and does not own any real or personal property in Florida nor does it have any employees in Florida. (Id. at ¶¶ 10-12.)

Republic Services of Florida LP, Inc. is a limited partnership formed under the laws of Delaware. (Schuler Aff. ¶ 5, DE 15-2.)  It is owned by two partners, Republic Services of Florida GP, Inc. and Republic Services of Florida LP, Inc. (Id. at ¶ 6.)  Republic Services of Florida LP,

2

Inc. is a Delaware corporation, with its sole office located in Arizona. (Id. at ¶¶ 7-8.) All the business of Republic Services of Florida LP, Inc. is conducted in Arizona. (Id. at ¶ 9.) Republic Services of Florida LP, Inc. previously maintained an office in Florida, but has not done so since 2009 and does not own any real or personal property in Florida nor does it have any employees in Florida. (Id. at ¶¶ 10-12.)

B.  Legal Standard

Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411(11th Cir. 1999); Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  "A removing defendant bears the burden of proving proper federal jurisdiction." Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (citing Williams v. Best Buy Co., 269 F.3d 1316, 1319–20 (11th Cir. 2001)).

C.  Discussion

Here, the parties do not dispute that the amount in controversy is greater than the jurisdictional threshold.  Thus, the only issue bearing on the existence of diversity jurisdiction is whether Defendant is a citizen of Florida.

The record evidence demonstrates that Defendant is a limited partnership. As explained by the 11th Circuit in Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020 (11th Cir. 2004):

> The United States Supreme Court has settled the law on how the citizenship of a limited partnership is determined for purposes of diversity jurisdiction. In Carden v. Arkoma Assocs., 494 U.S. 185, 195–96 (1990), the Supreme Court held that for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens. In reaching this holding, the Court noted the long-standing rule that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization. 494 U.S. at 195–96.  In applying

this general rule to a limited partnership, rather than extending to it 28 U.S.C. § 1332(c)(1)'s statutory exception for corporations, it reasoned that Congress, if it so chooses, is capable of adjusting the rules of diversity jurisdiction to account for unincorporated associations. Carden, 494 U.S. at 196–97.

Rolling Greens, 374 F.3d at 1021-22.

According to the affidavits submitted by Defendant, Republic Services of Florida GP, Inc. and Republic Services of Florida LP, Inc. are partners of Defendant and neither corporation is a citizen of Florida. Plaintiffs challenge this evidence by pointing to the republicservices.com website, which contains a Florida telephone number to a "main office." (DE 7-1.) Putting aside whether this evidence either has been properly authenticated or whether the Court can take judicial notice of the website, the Court finds that this evidence does not address the test set forth in Rolling Greens. When determining the citizenship of a limited partnership, the test is not whether the partnership conducts business in Florida or maintains an office in Florida, but focuses instead on the citizenship of the partners. Plaintiffs have not submitted evidence that challenges the citizenship of the partners.[1]

Nor have Plaintiffs shown that the removal was not filed timely. In support, Plaintiffs attach a copy of the state court docket sheet. While that docket sheet shows that Plaintiffs engaged in litigation activity beginning in late August of 2014, the docket sheet also reveals that Defendant was not served until October 1, 2014. (DE 7-5; see also return of service, DE 15-4.)

---

[1] Likewise, Plaintiffs' evidence that the vehicle involved in the accident was registered and delivered to Florida only shows that Defendant may have engaged in business in the state of Florida, and does not pertain to a determination of Defendant's citizenship. Plaintiffs also submit evidence that the driver of the vehicle is a Florida resident which Plaintiffs claim contradicts Defendant's evidence that it has no employees in Florida. Just because the driver lived in Florida does not prove that he was an employee of Defendant. In any event, this evidence does not address the citizenship of the partners.

It is axiomatic that a defendant's time to remove is "triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). Given that Defendant was served on October 1, 2014 and removed the case on October 30, 2014, the removal was timely filed.

Nonetheless, Plaintiffs point to the fact that Defendant filed a motion to dismiss in state court 20 days after being served with the complaint, and ten days prior to the expiration of the time for removal, and which was never heard by the state court. Filing a motion to dismiss in state court, however, does not waive a defendant's right of removal. Indeed, before the state court could rule on the motion, Defendant removed the case. See Cogdell v Wyeth, 366 F.3d 1245, 1249 (11th Cir. 2004) (the state court defendant's filing of a motion to dismiss did not amount to a "substantial offensive or defensive" action when removal occurred prior to the state court ruling on the motion and the defendant took no steps to have state court rule on the motion prior to removal). Plaintiffs also rely upon an agreed order signed by a state court judge granting Plaintiffs leave to file an amended complaint. Plaintiffs' decision to file an unopposed motion to amend does not constitute a substantial offensive or defensive action *by Defendant*. For these reasons, the Court rejects Plaintiffs' argument that the removal was untimely.

## II. MOTION TO STRIKE AFFIRMATIVE DEFENSES

### A. Background

Defendant has lodged 13 affirmative defenses, and Plaintiffs challenge seven of those affirmative defenses. The challenged affirmative defenses are:

### FIRST AFFIRMATIVE DEFENSE

The Complaint (or portions thereof) fails to state a cause of action against the Defendant.

### SECOND AFFIRMATIVE DEFENSE

This action is subject to Florida's Wrongful Death Act at §768.16 et seq. and this Defendant is entitled to all statutory defenses contained therein.

### THIRD AFFIRMATIVE DEFENSE

At the time and place complained of, Plaintiff's decedent, Jesus Sebastian Frias, while riding bicycle traveling on a Florida roadway, was not wearing a helmet and the failure to wear such helmet was a violation of Florida law and/or simple negligence and the proximate cause of or contributed to the Plaintiff decedent, Jesus Sebastian Frias' accident, injuries and damages, thus barring or reducing proportionally all claims for damages against the Defendant.

### FOURTH AFFIRMATIVE DEFENSE

At the time and place complained of, Plaintiff's decedent, Jesus Sebastian Frias, so carelessly and negligently in operating a bicycle conducted himself, and/or was in violation of statutes or ordinances, so as to proximately cause or contribute to the alleged accident, injuries or damages alleged in Plaintiff's Complaint, thus barring or reducing proportionately all claims for damages against this answering Defendant. Furthermore, to the extent Plaintiff's decedent, Jesus Sebastian Frias, was under the influence of any alcoholic beverage or drug and was more than 50% at fault for his own harm, Plaintiff's claim would be barred by §768.36, Fla. Stat.

### NINTH AFFIRMATIVE DEFENSE

To the extent that this action was pursued against this answering Defendant without sufficient legal basis in law or fact, Plaintiff is on notice that this Defendant will pursue attorneys' fees and costs pursuant to §57.105, Fla. Stat.

TENTH AFFIRMATIVE DEFENSE

This Defendant would state that service of process was not perfected and/or insufficient as a matter of law.

ELEVENTH AFFIRMATIVE DEFENSE

The Defendant avails himself of all statutory defenses and burdens of proof required by Florida law, Florida Administrative Code and/or Federal law, including but not limited to Chapters 324, 768, 627 of Florida Statutes.

B.  Legal Standard

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed. R. Civ. P. 12(f).  Motions to strike, however, are generally disfavored by the court. See Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991); Westfield Ins. Co. v. Northland Ins. Co., No. 08-80748-CIV, 2008 WL 4753994, at * 2 (S.D. Fla. Oct. 28, 2008).  The reason is that courts consider striking a pleading to be a "drastic remedy to be resorted to only when required for the purposes of justice." Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir.1962)[2] (quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)); Exhibit Icons, LLC v. XP Companies, LLC, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009). That stated, an affirmative defense may be stricken if the defense is "insufficient as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

F. Supp. 992, 1000 (M.D. Fla. 1976)).  A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.  Id.

### C. Discussion

With respect to the first affirmative defense, the Court finds this is a valid affirmative defense that may be pled in an answer.  Pursuant to Rule 12(h)(2) of the Federal Rules of Civil Procedure, a party may raise this defense in a pleading, a motion or at trial.  Here, Defendant has properly chosen to raise this defense in a pleading and the Court will not strike it.

Next, the Court finds that the second and eleventh affirmative defenses fail to give Plaintiffs fair notice of the defenses asserted.  These affirmative defenses do not specify upon what portion of the various laws Defendant is relying.  This failure, however, does not render these affirmative defenses insufficient as a matter of law and subject to a motion to strike. Instead, the lack of specificity is best dealt with by a motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. That Rule requires a more definite statement when a pleading is "vague" or "ambiguous." Fed. R. Civ. P. 12(e).  Therefore, Defendant will be granted leave to amend these affirmative defenses.

The Court sees no basis to strike affirmative defenses three and four.  These affirmative defenses set forth a comparative negligence affirmative defense, which is an appropriate affirmative defense, and provide a factual basis for this affirmative defense. See Fed. R. Civ. P. 8(c)(1); Sachi v. Labor Ready Southeast, Inc., No. 09–82388–CIV, 2010 WL 3259916, at *2 (S.D. Fla. Aug. 18, 2000).  Although Plaintiffs challenge the relevancy of whether decedent was wearing a helmet and the allegation that the decedent was under the influence of alcohol at the time of the accident, these challenges do not go to the sufficiency of the affirmative defenses.

Instead, these arguments should be raised at summary judgment or at trial.

The Court agrees that the ninth affirmative defense is not an affirmative defense. Instead, it serves to put Plaintiffs on notice pursuant to Florida Statute § 57.105 that Defendant will seek attorney's fees and costs. The Court will strike this as an affirmative defense. However, Defendant can amend its answer and include this notice in an appropriate section of its answer.

Lastly, the Court will strike the tenth affirmative defense. Defendant filed an initial motion to dismiss in state court that did not raise that "service of process was not perfected and/or insufficient as a matter of law." By failing to do so, Defendant waived this defense. See Hemispherx v. Biopharma, Inc. v. Johannesburg Consol. Investments, 553 F. 3d 1351, 1360 (11th Cir. 2008)(a defendant must raise a challenge to the sufficiency of service of process in the first response to the complaint; i.e., the defendant must include the defense in either its pre-answer motion to dismiss, or if no pre-answer motion is filed, then in the answer); Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990)(a party waives any objection to service of process if the party makes a pre-answer motion to dismiss and fails to include such objection in that motion); Fed. R. Civ. P. 12(b) and (h)(1); Fla. R. Civ. P. 1.140(b) and (h)(1).

For the foregoing reasons, the Court grants in part and denies in part the motion to strike.

III. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand (DE 7) is **DENIED** and Plaintiffs' Motion to Strike (DE 18) is **GRANTED IN PART**

**AND DENIED IN PART**.   Defendant shall file its amended answer **within 14 days of the date of entry of this Order.**

   **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of February, 2015.

_____
KENNETH A. MARRA
United States District Judge